# SIR W. G. ARMSTRONG WHITWORTH AND COMPANY, LIMITED,

*v.*

# NORTON.

CHOSES IN ACTION, ASSIGNMENTS OF; PATENTS, ASSIGNMENTS OF; RIGHT OF ACTION FOR INFRINGEMENT OF PATENT.

1. The rule of the common law that a chose in action is not assignable so as to authorize the assignee to sue at law in his own name, is in force in this District.
2. Sec. 4919, R. S. U. S., providing that "damages for the infringement of any patent may be recovered by action on the case in the name of the party interested, either as patentee, assignee or grantee," while giving the right to an assignee of a patent to sue in his own name for infringement while he remains the owner of the patent by assignment, gives him no right to sue in his own name for an infringement which occurred before the assignment was made to him, although he holds an assignment of all claims and demands accruing from infringements previous to the date of his assignment.

No. 900. Submitted June 6, 1899. Decided June 9, 1899.

HEARING on an appeal by the plaintiff from a judgment of the Supreme Court of the District of Columbia on a demurrer to the declaration, in an action at law to recover damages for an alleged infringement of a patent. *Affirmed.*

The COURT in its opinion stated the case as follows:

The appellant, the Sir W. G. Armstrong Whitworth and Co., Limited, is a body corporate under the laws of the United Kingdom of Great Britain and Ireland, having its principal place of business at Newcastle-upon-Tyne, in England; and is the owner by assignment of letters patent of the United States No. 378,282, issued on February 21, 1888, to another body corporate of the United Kingdom,

designated as the W. G. Armstrong Mitchell and Company, Limited, which last-mentioned body itself received the letters patent as the assignee of one Ralph T. Brankston, also of the same city of Newcastle-upon-Tyne, presumably the original inventor of the device covered by the letters patent, which device was for trunnion bearings for ordnance. Brankston had made his application to the Patent Office on June 1, 1887; and the assignment by him to Armstrong Mitchell & Co., having been executed before that time, and having been recorded in the Patent Office during the pendency of the application, the letters patent were issued to the corporation last named as the assignee of Brankston.

Upwards of nine years afterwards, on May 6, 1897, Armstrong Mitchell & Co. assigned and transferred to Armstrong Whitworth & Co., the appellant here, all its rights, title and interest in the letters patent, and "all claims and demands, both at law and in equity, for profits or royalties now accrued or which may hereafter accrue for any infringement thereof, with full power and authority to recover, settle or sue for the same." Thereupon the appellant, as plaintiff, instituted a suit at common law in the Supreme Court of the District of Columbia in its own name, which is the suit now before us, to recover damages against the appellees, Charles S. Norton, Edwin C. Pendleton and Charles O'Neil, who were made the defendants in the suit, for the alleged infringement by them of the letters patent on February 21, 1888, the day of their issue, and at divers times thereafter between that day and May 6, 1897, the day of the assignment of the letters to the plaintiff in suit. The suit, therefore, was wholly for alleged infringement before the date of the assignment of the patent to the plaintiff.

The defendants demurred to the declaration, on the ground that in this District a plaintiff is not entitled to maintain a suit in his own name upon a chose in action assigned him, and that the claim for damages accrued to the owner of the patent right before the assignment of such

right to the plaintiff, is only a chose in action. The court below sustained this demurrer, and there being no room for amendment of the declaration, it proceeded to render final judgment for the defendants. From this judgment the plaintiff has appealed.

*Mr. William Stone Abert* and *Mr. William D. Baldwin* for the appellants:

1. By virtue of the statute law of the United States, the grantee or assignee of any patent, or of " any interest therein," is required to sue in his own name by action on the case, for the recovery of damages for the infringement of any patent. Secs. 4898 and 4919, R. S. U. S.

After the execution of the assignment under which plaintiff claims, and which was exhaustive in its terms, no right, title or interest of any kind or nature whatever remained in the patentee or assignor. Every right, title and chose in action passed to and vested in the plaintiff. The plaintiff is the sole party interested in the recovery of damages, for the infringements complained of, and the action is properly brought in the name of the plaintiff.

2. Where a statute authorizes generally the assignment of " choses in action," it has been held that the statute reaches every right in property that was ever assignable in equity or capable of survivorship to executors. *Cook* v. *Bell*, 18 Mich. 393 ; *Final* v. *Bacus*, 18 Mich. 231.

3. The power to make assignments of patents was originally regulated by the act of July 4, 1836 (5 Stats. 121), Sec. 11, viz. : " Every patent shall be assignable in law, either as to the whole interest, or any undivided part thereof, by any instrument in writing." Section 14 of the same act provided for actions for infringements. By section 36 of the act of July 8, 1870, which is included in section 4898 of the Revised Statutes, the words " or any interest therein," were inserted after the words " every patent." So that Congress by section 4898 authorized the assignment of " any interest"

in a patent, in addition to the assignment of the patent or any proportionate part thereof..

The words "or any interest therein," as used in the act of 1870, and also in section 4898 of the Revised Statutes, were most comprehensive, and were equivalent to using the words, "or any chose in action, for past infringement." The use of the words "may" be recovered, by action on the case in the name of the party interested, in section 4919, is mandatory; and the action must be brought in the name of the party interested as patentee, assignee, or grantee. *Thompson v. Railroad,* 6 Wall. 139. The party interested is the party to whom alone the money belongs, and who only is entitled to receive it and to give a discharge therefor. *Yerby* v. *Saxton,* 48 Ala. 311, 325. ·

4. The terms "profits" or "royalties" now accrued or which may hereafter accrue, for any infringement of the patent, as used in plaintiff's declaration, embrace specifically everything that could be comprehended by the generic term, back damages, or damages for the infringement of the patent. The assignment and grant set forth was fully authorized by section 4898 R. S., and included not only the patent, but also every interest therein.

5. Section 4919 R. S., so far as formal parties to actions are concerned, repealed the common law in relation to actions for infringements of patents. All these actions must be brought by the assignee in his own name. *Gayler* v. *Wilder,* 10 How. 493–4; *Herbert* v. *Adams,* 4 Mason, 15. In other actions, governed by the common law in force in this District, the assignee of a chose in action must sue in the name of the assignor to the use of the assignee. *Glenn* v. *Marbury,* 145 U. S. 511; *Glenn* v. *Busey,* 5 Mackey, 233.

The rule of the common law requiring assignees of a chose in action to sue in the name of the assignor to their use, was, so far as related to actions by assignees for infringement of patents, repealed by section 14 of the Patent Act of July 4, 1836, which required such action to be brought in the name

of the assignees.    By this act it was evidently the legislative
intention of Congress to have a uniform law with regard to
patent rights and remedies, applicable alike to every por-
tion of the territory of the United States.    *Gayler* v. *Wilder*,
10 How. 494; *Knight* v. *United States,* 6 App. D. C. 5.    It was
never intended that the District of Columbia should be ex-
cepted from the operations of this general patent law of the
United States.    *Page* v. *Burnstine,* 102 U. S. 667.

If the patent law of the United States had only created a
new right, and had omitted to provide a form of remedy for
its infraction, then the common law rule would supply the
remedy.    But when a right is created by statute, and a spe-
cific remedy is provided, the right can be vindicated in no
other way than that prescribed by the statute.    The remedy
is exclusive.    *Expressio unius est exclusio alterius.*

There is much force in the application of the argument,
*"ab inconvenienti,"* to our case.    It is unreasonable to assume
that the words used in the statute, "or any interest therein,"
are meaningless and have no force or effect whatever.    It is
also unreasonable to assume that Congress intended that the
assignee of a patent under an instrument similar to the
grant to plaintiff in this cause, is required to bring two
separate actions at law, to recover damages for infringement
of the patent, viz.: (1) In the name of the assignor to the
use of the assignee, for the infringements committed prior
to the date of the assignment.    (2) In the name of the
assignee for the infringements committed subsequent to the
assignment.    The right of the plaintiff to maintain this
action in its own name is as perfect as if the statute had de-
clared that every patent or any interest therein, or any chose
in action accruing therefrom shall be assignable, and every
action thereon shall be prosecuted in the name of the real
party in interest.    3 Robinson on Patents, Sec. 943, p. 131;
Walker on Patents, Sec. 277; *May* v. *Logan,* 30 Fed. Rep.
250; *Adams* v. *Bellaire Co.,* 25 Fed. Rep. 270; *Hamilton* v.
*Rollins,* 5 Dillon, 495; *Campbell* v. *James,* 18 Blatchf. 92.

In some cases the right to recover *royalties* is the only substantial measure of damages to be recovered in an action for the infringement of a patent. *United States* v. *Berdan,* 156 U. S. 573.

Under the statute of Maryland permitting the assignee of money claims to sue in his own name, the Court of Appeals decided that the assignee may therefore, at his option, sue in his own name under the permission of the statute, or under the common law in the name of the assignor as holder of the legal title. *Hampson* v. *Owens,* 55 Md. 586; *Gable* v. *Scarlett,* 56 Md. 170. The law of Ohio directs that all suits be brought in the name of the real party in interest. The statutes of New York, Kentucky and other States are substantially the same. This statutory rule constitutes the title or right of the party plaintiff to thus sue; as was decided by the Supreme Court of the United States, in the cases of *Thompson* v. *Railroad,* 6 Wall. 139; *Masury* v. *Southworth,* 9 Ohio St. 346; *Yerby* v. *Sexton,* 48 Ala. 325.

The case of *Moore* v. *Marsh,* 7 Wall. 515, is totally different from the case at bar; and has been distinguished in the following cases: *Adams* v. *Bellaire Co.,* 25 Fed. Rep. 270; *Emerson* v. *Hubbard,* 34 Fed. Rep. 327; *Jones* v. *Berger,* 58 Fed. Rep. 1007.

*Mr. Henry E. Davis,* U. S. Attorney for the District of Columbia, and *Mr. Ashley M. Gould,* Assistant Attorney, for the appellees:

1. The plaintiff in this action is attempting to recover in its own name damages for infringement of a patent which accrued before the assignment to it of the said patent and of the said claim for damages. The demurrer raises the single question as to the right of such an assignee to recover in its own name. The right to sue on such a claim is a mere chose in action, and in this jurisdiction it is settled law that the assignee of a chose in action can not sue in his own name, but must sue in the name of the original assignor. *Glenn* v. *Marbury,* 145 U. S. 511.

2. It is contended by appellant that such a right is conferred by sections 4898 and 4919 R. S. U. S.

Section 4898 relates entirely to the assignability of a patent or any interest therein, and does not refer to the form of action by which the assignee may recover for an infringement thereof. It is not disputed that a patent, or any interest therein, and a claim for damages for infringement are assignable. This is an entirely distinct question from the right of the assignee to sue in his own name. The assignability of many legal demands is sustained by the courts, but when the assignee seeks to enforce the contract at law, the law of this jurisdiction obliges him to bring the suit in the name of the assignor.

Section 4919 provides that "damages for infringement of any patent may be recovered by action on the case, in the name of the party interested, either as patentee, assignee, or grantee," and it is claimed that this language confers upon the assignee of a claim for damages for an infringement arising prior to the assignment the right to recover in his own name. This contention is best answered by a reference to the case of *Moore* v. *Marsh*, 7 Wall. 515, in which the language of the 14th section of 5 Stat. at Large, p. 123, is construed.

Mr. Justice Morris delivered the opinion of the Court:

There is only one question in the case, the right of the plaintiff to maintain this suit in its own name; and we can not regard this question as admitting of very serious doubt in the present condition of our law.

That the plaintiff is seeking to sue in its own right upon a chose in action belonging to another person, but assigned to it, is very clear. And it is well settled and long established law in this District that such a suit can not be sustained. To go no farther back than the case of *Glenn* v. *Marbury*, 145 U. S. 511, the Supreme Court of the United States, by Mr. Justice Harlan, said in that case:

"A chose in action is not assignable so as to authorize the assignee to sue at law in his own name, unless the right to do so is given by a statute, or by settled law, in the jurisdiction where the suit is brought. This is the well established rule of the common law, and the common law touching this subject governs in the District of Columbia."

This proposition is not controverted by the appellant, and could not well be controverted. The argument is that it does not apply to patent rights; and that the right to suit by the assignee in his own name is given by the patent laws of the United States. But we fail to find anything in the patent laws which justifies the maintenance of such a suit as that now before us.

The statute on which the contention is based is found in sections 4898 and 4919 of the Revised Statutes of the United States, which are in these terms:

"Sec. 4898. Every patent or any interest therein shall be assignable in law by an instrument in writing; and the patentee or his assigns or legal representatives may, in like manner, grant and convey an exclusive right under the patent to the whole or any specified part of the United States. An assignment, grant, or conveyance shall be void as against any subsequent purchaser or mortgagee for a valuable consideration, without notice, unless it is recorded in the Patent Office within three months from the date thereof."

"Sec. 4919. Damages for the infringement of any patent may be recovered by action on the case, in the name of the party interested, either as patentee, assignee, or grantee. And whenever in any such action a verdict is rendered for the plaintiff, the court may enter judgment thereon for any sum above the amount found by the verdict as actual damages sustained, according to the circumstances of the case, not exceeding three times the amount of such verdict, together with the costs."

The special provision relied on is that part of Sec. 4919

which enacts that " damages for the infringement of any patent may be recovered by action on the case in the name of the party interested, either as patentee, assignee, or grantee." It is contended that, when a right of action has accrued to sue for damages for infringement, and that right and the patent itself have been assigned, the " grantee," meant by the statute as the " party interested," and entitled to sue in his own name, is the assignee or grantee of the chose in action or right to sue. But we are unable to see that these words have any such meaning, or that the law has any such purpose as is claimed on behalf of the appellant.

The " party interested " or " grantee " meant is, of course, the person whose rights have been infringed. It would be absurd to give a right of action to one who has not been injured; and certainly no assignee or grantee of a patent can be held to have been injured by an infringement of the patent which has been consummated before the assignment. In legislating upon the subject of patent rights, which may be said to have been almost created by the Federal Constitution, Congress had to deal with matters of an abstract character, which, under the analogy of the rigid rules of the common law, were in their nature unassignable. The purpose of the legislation was to make such rights freely transferable by assignment in such manner and to such extent as to make the assignee for the time being the full legal owner of the right or interest transferred to him, with the right to protect such interest by suit in his own name. But it was his own interest, not the interest of others, that he was entitled to protect. If the patent was infringed while he was and remained the assignee, he was entitled to sue in his own name, both at law and in equity, for any such infringement. But we cannot see any reason for the construction of the law that would make the assignment reach back, and invest in the assignee for the time being the right to sue for any and all infringements that may have

occurred while the patent right was in the hands of prior owners.   It is very plain to us that the mere assignment of the patent does not of itself carry with it any such right of suit for previous infringement. ·

The parties to the assignment in the present case were evidently not unmindful of this plain rule of law and reason; for they were careful not to rely upon any such assumption as that the assignment of the patent carried with it the right to recover any damages that had previously accrued.   They were careful to include in the assignment of the patent an assignment also of all claims and demands that had previously accrued from infringements of the patent, with the right of suit therefor.   But this latter assignment, while it undoubtedly made the assignee the equitable owner of all such claims and demands, did not in any manner enlarge the scope of the assignment of the patent itself. The two assignments are wholly independent of each other, and might have been contained in separate instruments of writing.   They might even have been made to different persons, without either enlarging or diminishing their respective rights under the several assignments.   The assignment of the claims and demands for damages is an assignment merely of a common law chose in action, which does not give the assignee an interest in the patent itself in contemplation of law; and which, therefore, does not authorize him to sue in his own name, unless authorized by statute so to do.

We do not mean, of course, to be understood as holding that a claim for damages for the infringement of a patent is not assignable.   On the contrary, by the common law, as we now recognize it, all choses in action are assignable, except those for strictly personal torts.   But assignability does not imply that the assignee may sue in his own name at common law without special statutory authority for so doing.   It simply means that the assignee is entitled to use the name of the assignor in his suit, and to control that suit,

in most respects without reference to the assignor.   Such, as
we have already stated, is the recognized law of the District
of Columbia; and we do not find that a chose in action,
growing out of a patent right, but segregated from the own-
ership of such right, stands in any different position in that
regard from other choses in action.

We are of opinion that the Supreme Court of the District
of Columbia was right in sustaining the demurrer interposed
by the appellees to the declaration filed by the appellant,
and the judgment of that court will therefore be affirmed,
with costs; and it is so ordered.                     *Affirmed.*